**Fill in this information to identify your case:**

United States Bankruptcy Court for the:
DISTRICT OF DELAWARE

Case number *(if known)* _____    Chapter **11**

☐ Check if this an amended filing

Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy 06/24

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | **Fluid Fleet Services, LLC** |
| 2. | **All other names debtor used in the last 8 years**  Include any assumed names, trade names and *doing business as* names | |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **82-1365994** |

| 4. | **Debtor's address** | **Principal place of business**  **3827 Lafayette St.**  **Suite #149**  **Denver, CO 80205**  Number, Street, City, State & ZIP Code  **Denver**  County | **Mailing address, if different from principal place of business**  **PO Box 16009**  **4910 Brighton Blvd.**  **Denver, CO 80216**  P.O. Box, Number, Street, City, State & ZIP Code  **Location of principal assets, if different from principal place of business**  _____  Number, Street, City, State & ZIP Code |
|---|---|---|---|

| 5. | **Debtor's website** (URL) | **https://www.fluidtruck.com/** |
|---|---|---|

| 6. | **Type of debtor** | ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))  ☐ Partnership (excluding LLP)  ☐ Other. Specify: _____ |
|---|---|---|

Debtor    **Fluid Fleet Services, LLC**            Case number (*if known*) _____
       Name

| | | |
|---|---|---|
| 7. | **Describe debtor's business** | A. *Check one:*<br>☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))<br>☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))<br>☐ Railroad (as defined in 11 U.S.C. § 101(44))<br>☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))<br>☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))<br>☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))<br>■ None of the above<br><br>B. *Check all that apply*<br>☐ Tax-exempt entity (as described in 26 U.S.C. §501)<br>☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)<br>☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))<br><br>C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.<br>     __5321__ |
| 8. | **Under which chapter of the Bankruptcy Code is the debtor filing?** | *Check one:*<br>☐ Chapter 7<br>☐ Chapter 9<br>■ Chapter 11. *Check **all** that apply*:<br>    ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725 (amount subject to adjustment on 4/01/25 and every 3 years after that).<br>    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).<br>    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.<br>    ☐ A plan is being filed with this petition.<br>    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).<br>    ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.<br>    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.<br>☐ Chapter 12 |
| 9. | **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**<br>If more than 2 cases, attach a separate list. | ■ No.<br>☐ Yes.<br><br>District _____ When _____ Case number _____<br>District _____ When _____ Case number _____ |
| 10. | **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?** | ☐ No<br>■ Yes. |

| Debtor | Fluid Fleet Services, LLC | | Case number (*if known*) | |
|---|---|---|---|---|
| | Name | | | |

List all cases. If more than 1, attach a separate list

Debtor   See Schedule 1 Attached     Relationship

District                          When             Case number, if known

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
   What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
   Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes.  Insurance agency _____
         Contact name _____
         Phone _____

### Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

☐ 1-49
☐ 50-99
☒ 100-199
☐ 200-999
☐ 1,000-5,000
☐ 5001-10,000
☐ 10,001-25,000
☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

**15. Estimated Assets**

☒ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
☐ $500,001 - $1 million
☐ $1,000,001 - $10 million
☐ $10,000,001 - $50 million
☐ $50,000,001 - $100 million
☐ $100,000,001 - $500 million
☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

**16. Estimated liabilities**

☐ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
☐ $500,001 - $1 million
☐ $1,000,001 - $10 million
☒ $10,000,001 - $50 million
☐ $50,000,001 - $100 million
☐ $100,000,001 - $500 million
☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

Debtor **Fluid Fleet Services, LLC**
Name

Case number (*if known*)

### Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **October 16, 2024**
MM / DD / YYYY

X **/s/ T. Scott Avila**
Signature of authorized representative of debtor

**T. Scott Avila**
Printed name

Title **Chief Executive Officer**

**18. Signature of attorney**

X **/s/ Laura Davis Jones**
Signature of attorney for debtor

Date **October 16, 2024**
MM / DD / YYYY

**Laura Davis Jones**
Printed name

**Pachulski Stang Ziehl & Jones LLP**
Firm name

**919 North Market Street
17th Floor
Wilmington, DE 19801**
Number, Street, City, State & ZIP Code

Contact phone **302-652-4100**    Email address **ljones@pszjlaw.com**

**2436 DE**
Bar number and State

## SCHEDULE 1

**Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor**

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware. The Debtors have moved for joint administration of these cases for procedural purposes only under the case number assigned to the chapter 11 case of Fluid Market Inc.

1. Fluid Market Inc.
2. Fluid Fleet Services, LLC

**ACTION BY WRITTEN CONSENT OF THE SOLE MEMBER OF
FLUID FLEET SERVICES, LLC**

Effective as of October 13, 2024

The undersigned, being the sole member (the "**Sole Member**") of **FLUID FLEET SERVICES,** a Colorado limited liability company the "**Company**"), pursuant to laws of the state of Colorado, does hereby consent to the adoption of the resolutions set forth below with the same force and effect as though adopted at a meeting duly called and held for the purpose of acting upon proposals to adopt such resolutions, and directs that this Written Consent of Sole Member be filed in the records of the Company.

WHEREAS, the Sole Member has reviewed the historical performance of the Company, the market for the Company's products and services, and the current and long-term liabilities of the Company;

WHEREAS, the Sole Member has reviewed the materials presented by the management of and the advisors to the Company regarding the possible need to restructure the Company, and has analyzed each of the strategic alternatives available to it, and the impact of the foregoing on the Company's business and its stakeholders;

NOW, THEREFORE, BE IT RESOLVED, that in the business judgment of the Sole Member, it is desirable and in the best interests of the Company and its stakeholders that petitions be filed by the Company seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**");

RESOLVED, that each of the following is hereby authorized and approved in all respects with respect to each Company: (1) filing, or causing to be filed, a chapter 11 case under the Bankruptcy Code in the Bankruptcy Court; and (2) filing, or causing to be filed, any other petition for relief or recognition or other motion or order that may be desirable under applicable law in the United States;

RESOLVED, that the officers of the Company (each, an "**Authorized Officer**") be, and each of them hereby is, authorized on behalf of the Company to execute, verify and file all petitions, schedules, lists, and other papers or documents, and to take and perform any and all further actions and steps that any such Authorized Officer deems necessary, desirable and proper in connection with the Company's chapter 11 case, with a view to the successful prosecution of such case;

RESOLVED, that the Authorized Officers, on behalf of the Company, are authorized, empowered and directed to retain the law firms of Pachulski Stang Ziehl & Jones LLP ("**PSZ&J**") as bankruptcy counsel to represent and assist the Company in carrying out their duties under chapter 11 of the Bankruptcy Code, and to take any and all actions to advance the Company's rights in connection therewith, and the Authorized Officer is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and

immediately upon the filing of the bankruptcy, and to cause to be filed an appropriate application for authority to retain the services of PSZ&J;

RESOLVED, that the Authorized Officers, on behalf of the Company, are authorized, empowered and directed to retain the services of Paladin Management Group, LLC ("**Paladin**") as the Company's restructuring advisor, and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the bankruptcy, and to cause to be filed an appropriate application for authority to retain the services of Paladin;

RESOLVED, that the Authorized Officers, on behalf of the Company, is authorized, empowered and directed to retain the services of SSG Capital Advisors, LLC ("**SSG**") as the Company's investment banker, and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the bankruptcy, and to cause to be filed an appropriate application for authority to retain the services of SSG;

RESOLVED, that the Authorized Officers, on behalf of the Company, are authorized, empowered and directed to retain the services of Epiq Corporate Restructuring, LLC LLC ("**Epiq**") as the Company's solicitation, claims, and noticing agent, and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the bankruptcy, and to cause to be filed an appropriate application for authority to retain the services of Epiq;

RESOLVED, that the Authorized Officers of the Company are authorized and directed to employ any other professionals necessary to assist the Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, the officers of the Company are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to or immediately upon the filing of the chapter 11 case and cause to be filed appropriate applications with the bankruptcy court for authority to retain the services of any other professionals, as necessary, and on such terms as are deemed necessary, desirable and proper;

RESOLVED, that the Authorized Officers are authorized on behalf of the Company to take any and all actions, to execute, deliver, certify, file and/or record and perform any and all documents, agreements, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities or certificates and to take any and all actions and steps deemed by the Authorized Officers to be necessary or desirable to carry out the purpose and intent of each of the foregoing resolutions and to effectuate a successful chapter 11 case, including, but not limited to the development, filing and prosecution to confirmation of a chapter 11 plan and related disclosure statement;

RESOLVED, that in addition to the specific authorizations heretofore conferred upon the Authorized Signatories, each of the Authorized Signatories (and their designees and delegates), any one of whom may act without the joinder of any of the others, are hereby individually authorized and empowered, in the name of and on behalf of the Company, to take or

cause to be taken any and all such other and further action including, but not limited to, (i) the seeking, preparation and negotiation of such additional agreements, amendments, supplements, modifications, consents, waivers, reports, documents, instruments, applications, notes or certificates not now known but which may be required, (ii) the seeking, preparation and negotiation of such changes and additions to any agreements, amendments, supplements, other modifications, consents, waivers, reports, documents, instruments, applications, notes or certificates currently existing, (iii) the execution, acknowledgement, delivery, performance and filing (if applicable) of any of the foregoing and (iv) the payment of all fees, consent payments, taxes, indemnities and other expenses, in each case as in such officer's judgment, shall be necessary, advisable, convenient or desirable in order to fully carry out the intent and accomplish the purposes of the Resolutions adopted herein, all of such actions, executions, deliveries, filings and payments to be conclusive evidence of such approval or that such Authorized Signatory deemed the same to be so necessary, convenient, appropriate, desirable or advisable; and that all such actions, executions, deliveries, filings and payments taken or made at any time in connection with the transactions contemplated by the foregoing Resolutions hereby are approved, adopted, ratified and confirmed in all respects as the acts and deeds of the Company as if specifically set out in these Resolutions;

RESOLVED, that the Sole Member hereby adopts and incorporates by reference any form of specific resolution to carry into effect the intent and purpose of the foregoing Resolutions, or to cover authority included in matters authorized in the foregoing Resolutions, including forms of resolutions in connection therewith that may be required by any state, other jurisdiction or other institution, person or agency, and a copy of these Resolutions shall be filed with the records of the Company and certified as duly adopted by the Sole Member;

RESOLVED, that the Sole Member has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing Resolutions, as may be required by the organizational documents of the Company, or hereby waive any right to have received such notice;

RESOLVED, that all acts, actions and transactions relating to the matters contemplated by the foregoing Resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing Resolutions except that such acts were taken before the adoption of these Resolutions, are hereby in all respects approved and ratified as the true acts and deeds of the Company with the same force and effect as if each such act, transaction, agreement or certificate has been specifically authorized in advance; and

RESOLVED, that (a) the foregoing Resolutions may be executed and delivered electronically (including by facsimile or portable document format (pdf) transmission), (b) these Resolutions may be executed in one or more counterparts, each of which shall be deemed an original and all of which shall constitute one and the same instrument and (c) facsimile and other electronic copies of manually signed originals shall have the same effect as manually-signed originals and shall be binding on the Sole Member and the Company.

IN WITNESS WHEREOF, the undersigned has executed this Written Consent of the Sole Member as of the date first written above.

**SOLE MEMBER:**

FLUID MARKET INC.

By: _____
Name: Stephen Gray
Title: Independent Director

*[SIGNATURE PAGE TO ACTION BY WRITTEN CONSENT OF THE SOLE MEMBER OF FLUID FLEET SERVICES, LLC]*

DE:4867-9325-3103.4 28613.00001

| Fill in this information to Identify the case: | |
|---|---|
| Debtor Name:   Fluid Market, Inc. | |
| United States Bankruptcy Court for the:   District of Delaware | ☐ Check if this is an amended filing |
| Case Number (If known): | |

# Official Form 204

### Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders         12/15

A consolidated list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim  If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | FORT COLLINS DODGE  3835 S COLLEGE AVE  FORT COLLINS, CO  80525 | PHONE: +19705419989  BSHULTZ@FORTCOLLINSDODGECHRYSLERJEEP.COM | TRADE DEBT | | | | $7,866,686.07 |
| 2 | ALWAYS FUNDAY  3330 E 7TH AVE PKWY  DENVER, CO  80206 | PHONE: +13109130782  CLARKLODGE78@GMAIL.COM | TRADE DEBT | | | | $974,458.11 |
| 3 | BROKEN MIRROR LLC  201 SE 2ND ST  ONTARIO, OR  97914 | PHONE: +13039125266  BROKENMIRROR.MAIL@GMAIL.COM | TRADE DEBT | | | | $888,443.41 |
| 4 | MANHEIM  6325 PEACHTREE DUNWOODY ROAD NE  ATLANTA, GA  30328 | PHONE: 866-626-4346  ZACH.HALLOWELL@COXAUTOINC.COM | TRADE DEBT | DISPUTED | | | $807,427.43 |
| 5 | KERMAN MANAGEMENT, LLC  3800 IRVING ST  DENVER, CO  80211 | PHONE: +13035708200  KERMANVEHICLES@AFCDENVER.COM | TRADE DEBT | | | | $754,172.29 |
| 6 | SERVICEUP, INC.  20 N SANTA CRUZ AVE, STE A  LOS GATOS, CA  95030 | PHONE: 4085020140  AR@SERVICEUP.COM | TRADE DEBT | | | | $749,774.32 |
| 7 | BURRWOOD LOGISTICS LLC  751 W CENTRAL  LORENA, TX  76655 | PHONE: +19704203492  COLETON.BURRUS@YAHOO.COM | TRADE DEBT | | | | $720,192.86 |
| 8 | COX AUTOMOTIVE VEHICLE ACQUISITION SERVICES, LLC  6305 PEACHTREE DUNWOODY RD, 5TH  ATLANTA, GA  30328 | PHONE: 7176189929  RETAILRECONAR@COXAUTOINC.COM | TRADE DEBT | | | | $510,018.92 |

Debtor: Fluid Market, Inc.                                                                 Case Number (if known):

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9 | VIP SOLUTIONS GROUP, LLC<br>271 17TH STREET NORTHWEST<br>SUITE 1600<br>ATLANTA, GA  30363 | PHONE: 2149897508<br>CMURPHY@WEAREVIP.COM | TRADE DEBT | | | | $482,721.26 |
| 10 | SA TRANSPORT LLC<br>850 NEW BURTON RD, SUITE 201<br>DOVER, DE  19904 | PHONE: +13039132214<br>JAKE@NMDEQUITYGROUP.COM | TRADE DEBT | | | | $440,107.02 |
| 11 | AMERICAN EXPRESS<br>EVELYN PENA, MSHRM– DIRECTOR<br>1500 NW 136TH AVENUE<br>SUNRISE, FL  33323 | PHONE: 954-328-9967<br>EVELYN.PENA@AEXP.COM | TRADE DEBT | | | | $435,608.60 |
| 12 | LATHAM & WATKINS LLP<br>330 NORTH WABASH AVENUE,<br>SUITE 2800<br>CHICAGO, IL  60611 | PHONE: 312.876.7663<br>CAROLINE.RECKLER@LW.COM | TRADE DEBT | | | | $402,926.40 |
| 13 | FCP TRANSPORT LLC<br>2093 PHILADELPHIA PIKE,  8356<br>CLAYMONT, DE  19703 | PHONE: +13039132214<br>JAKE.SHIREK@GMAIL.COM | TRADE DEBT | | | | $400,815.66 |
| 14 | GMI INSURANCE<br>99 STAR ST<br>PHOENIXVILLE, PA  19460 | PHONE: 6109334679<br>INFO@GMI-INSURANCE.COM | TRADE DEBT | | | | $360,500.30 |
| 15 | AUTO ADVENTURE LLC<br>845 6TH STREET<br>BOULDER, CO  80302 | PHONE: +13035647434<br>ARTMAN.ACCTS@GMAIL.COM | TRADE DEBT | | | | $356,493.50 |
| 16 | MERCHANTS FLEET<br>14 CENTRAL PARK DRIVE<br>HOOKSETT, NH  03106 | PHONE: +16032707625<br>MOBILITYBILLING@MERCHANTSFLEET.COM | TRADE DEBT | | | | $321,467.63 |
| 17 | 48TH OFFICE INVESTMENT, LLC<br>161 DETROIT STREET<br>DENVER, CO  80206 | | TRADE DEBT | | | | $285,456.57 |
| 18 | BLUE MILE LOGISTICS, LLC<br>751 W CENTRAL<br>LORENA, TX  76655 | PHONE: +19704203492<br>COLETON@BURRUSINVESTMENT.COM | TRADE DEBT | | | | $283,497.44 |
| 19 | FMCO LLC<br>201 SE 2ND ST<br>ONTARIO, OR  97914 | PHONE: +17205880541<br>JAMES@HHKGROUP.COM | TRADE DEBT | | | | $276,112.12 |
| 20 | CONNECTICUT STATE DEPARTMENT OF REVENUE<br>PO BOX 2974<br>HARTFORD, CT  06104-2974 | PHONE: 8602975962<br>DRS@CT.GOV | TRADE DEBT | | | | $269,955.20 |
| 21 | CINA GLOBAL, LLC<br>710 WATER STREET<br>DARBY, MT  59829 | PHONE: +13104975755<br>AIDIN@CINAGLOBAL.NET | TRADE DEBT | | | | $262,925.49 |
| 22 | UNITED STATES FIRE INSURANCE COMPANY<br>305 MADISON AVE.<br>MORRISTOWN, NJ  07960 | PHONE: 9734906600<br>MARK.COYLE@CFINS.COM | TRADE DEBT | | | | $261,909.84 |
| 23 | GOMOBILE TIRES USA<br>163 SW FREEMAN AVENUE, STE D<br>HILLSBORO, OR  97123 | PHONE: 5036446404<br>ADMIN@USAGOMOBILE.COM | TRADE DEBT | | | | $230,132.42 |
| 24 | CLOUDBAKERS LLC<br>600 W VAN BUREN ST, SUITE 603<br>CHICAGO, IL  60607 | PHONE: 3123806838<br>ACCOUNTING@66DEGREES.COM | TRADE DEBT | | | | $211,119.54 |

Debtor: Fluid Market, Inc.                                     Case Number (if known):

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 25 | M2 SERVICES LLC<br>2000 S COLORADO BLVD 3-950<br>DENVER, CO  80222 | PHONE: +13039914224<br>CHRIS@M2LS.NET | TRADE DEBT | | | | $210,945.67 |
| 26 | SOUTHERN TIRE MART, LLC<br>9255 STELLAR COURT<br>CORONA, CA  92883 | PHONE: 9516661278<br>GWEN.WALTERS@STMTIRES.COM | TRADE DEBT | | | | $202,211.31 |
| 27 | ICEJAMMA EXGELLIN LLC<br>495 W OAKWOOD LANE<br>CASTLE ROCK, CO  80108 | PHONE: +13035877231<br>528JG@COMCAST.NET | TRADE DEBT | | | | $200,978.24 |
| 28 | ECOMM FLEET LLC<br>2653 S. COOK ST.<br>DENVER, CO  80210 | PHONE: +12487032140<br>TBLOOM@OSAGECAPITALGROUP.COM | TRADE DEBT | | | | $194,969.45 |
| 29 | DOG TRANSPORT LLC<br>671 ORCHARD COURSE DR<br>LAS VEGAS, NV  89148 | PHONE: +17026866070<br>GOSSELLO@DOGLLC.NET | TRADE DEBT | | | | $173,916.63 |
| 30 | USHIP LOGISTICS LLC<br>708 CONGRESS AVE., SUITE A<br>AUSTIN, TX  78701 | PHONE: 5125373136<br>ACCOUNTING@USHIPLOGISTICS.COM | TRADE DEBT | | | | $169,150.00 |

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> FLUID FLEET SERVICES, LLC, <br><br> Debtor. | Chapter 11 <br><br> Case No. 24-_____ (___) |

**CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)**

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned authorized officer of the above-captioned Debtor, certifies that the following is a corporation other than the Debtor, or a governmental unit, that directly or indirectly owns 10% or more of any class of the corporation's equity interests, or states that there are no entities to report under FRBP 7007.1.

| Equity Holder | Address of Equity Holder | Percentage Held |
|---|---|---|
| Fluid Market Inc. | 3827 Lafayette St. <br> Suite #149 <br> Denver, CO 80205 | 100% |

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| In re: | Chapter 11 |
|---|---|
| FLUID FLEET SERVICES, LLC, | Case No. 24-_____ (___) |
| Debtor. | |

## LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders which is prepared in accordance with rule 1007(a)(3) for filing in this Chapter 11 Case:

| Equity Holder | Address of Equity Holder | Amount Held |
|---|---|---|
| Fluid Market Inc. | 3827 Lafayette St. Suite #149 Denver, CO 80205 | 100% |

DE:4859-5312-1263.2 28613.00001

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FLUID FLEET SERVICES, LLC, | Case No. 24-_____ (___) |
| Debtor. | |

# CERTIFICATION OF CREDITOR MATRIX

      Pursuant to Rule 1007-2 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware, the above captioned debtor and its affiliated debtors in possession (collectively, the "Debtors")[1] hereby certify that the *Creditor Matrix* submitted herewith contains the names and addresses of the Debtors' creditors. To the best of the Debtors' knowledge, the *Creditor Matrix* is complete, correct, and consistent with the Debtors' books and records.

      The information contained herein is based upon a review of the Debtors' books and records as of the petition date. However, no comprehensive legal and/or factual investigations with regard to possible defenses to any claims set forth in the *Creditor Matrix* have been completed. Therefore, the listing does not, and should not, be deemed to constitute: (1) a waiver of any defense to any listed claims; (2) an acknowledgement of the allowability of any listed claims; and/or (3) a waiver of any other right or legal position of the Debtors.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are Fluid Market Inc. (1365) and Fluid Fleet Services, LLC (5994). The Debtors' service address is 3827 Lafayette St., Suite #149, Denver, CO 80205.

DE:4859-5312-1263.2 28613.00001

| Fill in this information to identify the case: | |
|---|---|
| Debtor name | **Fluid Fleet Services, LLC** |
| United States Bankruptcy Court for the: | DISTRICT OF DELAWARE |
| Case number (if known) | |

☐ Check if this is an amended filing

Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule*
- ■ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ■ Other document that requires a declaration    **List of Equity Holders; Corporate Ownership Statement; and Creditor Matrix Verification**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  **October 16, 2024**      X /s/ T. Scott Avila
                                        Signature of individual signing on behalf of debtor

                                        **T. Scott Avila**
                                        Printed name

                                        **Chief Executive Officer**
                                        Position or relationship to debtor